■ In the Matter of ACN DIGITAL PHONE SERVICE, LLC, Respondent, v UNIVERSAL MICROELECTRONICS CO., LTD., Appellant. [982 NYS2d 126]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 3, 2013, which granted petitioner-respondent's motion to confirm an arbitration award and denied respondent-appellant's motion to vacate the award, in the total sum of $7,660,993.68, unanimously affirmed, with costs. Appeal from the underlying order, entered March 11, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Because the transactions at issue were in international commerce, the proceeding to confirm/vacate the arbitration award is governed by the Federal Arbitration Act (9 USC § 1 *et seq.*; *see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 478 n 8 [2006], *cert dismissed* 548 US 940 [2006]). Respondent-appellant seeks to vacate the award under the federal "manifest disregard" of the law doctrine. That doctrine holds that an award may be vacated if the arbitrators ignored well-settled law. However, the doctrine requires "egregious conduct" on the part of the arbitrators to support vacatur of an award (*see id.* at 478-479). Further, respondent-appellant seeks vacatur under the law of this State, on the ground that the award is "irrational," in that it ignores and rewrites the agreement between the parties (*see Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341, 346 [1985]). It appears that, even though the FAA governs, this Court may apply state grounds for vacatur, where they are consistent with the FAA's terms and purposes (*see Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ.*, 489 US 468, 477 [1989] ["The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration"]).

However, here, respondent-appellant meets neither standard for vacatur. The finding by the arbitrators that the parties had agreed on a delivery schedule for the various purchase orders at issue, and that the "credit" for late delivery should be treated as a "refund," now that the parties are no longer doing business, was not either a manifest disregard of the law or irrational (*see Banc of Am. Sec., LLC v Solow Bldg. Co. II, LLC*, 104 AD3d 563, 563-564 [1st Dept 2013]). The same is true for the analogous treatment the panel gave to respondent-appellant's failure to provide 2% extra units to cover defective units. The fact that respondent-appellant breached certain terms of the contract did not put petitioner-respondent on notice that it was repudiating the contract, nor did it repudiate the contract. As such, there was no error, let alone a manifest disregard or irrational interpretation, in the panel finding that petitioner-respondent had not waived its claims for breach (*cf. Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70 [1st Dept 2002], *lv denied* 100 NY2d 504 [2003]). Because the award was properly confirmed, there is no basis to disturb the award of attorney's fees. Concur—Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ.